Dear Mr. Drennen:
Reference is made to your recent request for an opinion of this office regarding capital outlay funds currently appropriated for "planning and renovation" of the Old McKinley High School. In light of the fire on July 3, 1998, which caused considerable damage to the Old McKinley High building, you seek our advice regarding the use of those funds. Enclosed with your letter was a copy of an engineer's report obtained by the City-Parish of Baton Rouge, which indicates four options for the site:
 1. Use the site as a playground and demolish and haul away all materials;
 2. Clear the site and build a new structure of the same dimensions;
3. Same as No. 2 except save the existing front wall;
 4. Use the site as a Memorial Park by clearing the site except the front wall, which would be braced.
Specifically, you ask: (1) whether the current state funding can be used for any of the options in the engineer's report, or any other option, or (2) whether the Alumni Association and/or the City-Parish must submit a new capital outlay request describing the new proposed scope of the project, identify the cost and sources of funding, and secure a new legislative authorization for the revised project.
As you note in your letter, both the FY 96-97 and FY 97-98 capital outlay requests for this project refer to preservation of the site as an "Historic Community Structure". Additionally, both capital outlay requests pertinently provide:
 ". . . listed on the National Register of Historic Places, the McKinley High School building is in need of immediate capital repairs in order to preserve the structure for re-use as a community-based cultural and service center". (Emphasis added).
Also pertinent are the provisions of the capital outlay and supplemental capital outlay acts which refer to this project, copies of which are attached hereto. We note that total state funding to date for this project consists of a $1,000,000 cash appropriation and a $500,000 cash line of credit.
In Attorney General's Opinion No. 98-378, a copy of which is enclosed herewith, we determined that as long as the facade of the Old McKinley High School building is maintained and the building is rebuilt for use as a community center, currently appropriated capital outlay funds can be expended on the project. Therein we stated:
 "Although we recognize that most of the building will have to be rebuilt, as long as the facade is retained it is the opinion of this office that the contemplated reconstruction at the site of the old McKinley High School falls within the definition of "renovation". Webster's Third New International Dictionary, Copyright, 1976, pertinently provides that the definition of "renovate" is "1: to restore to life, vigor, or activity: Revive, Regenerate 2: to restore to a former state (as of freshness, soundness, purity, or newness of appearance: make over :renew")."
In our opinion, even though renovation of the building cannot proceed in exactly the same manner as was contemplated before the fire, proceeding with the project in accordance with option No. 3 of the engineer's report would be consistent with both the terms of capital outlay requests submitted in connection with this project, as well as legislative authorization contained in the 1996 capital outlay and supplemental capital outlay act and the 1997 and 1998 Capital Outlay Acts, which refer to "Planning and Renovation" of a "Community Center".
With regard to any other options, including options no. 1, 2 and 4 of the engineer's report, it is our opinion that a new capital outlay request and additional legislative authorization would be required. Options other than option No. 3 as set forth in the engineer's report do not encompass `renovation' of the building and its use as a community center, as contemplated by the previously submitted capital outlay requests and as required by the current and previous capital outlay acts.
We trust the foregoing to be of assistance. If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv Enclosures
DATE RECEIVED: 9/18/98
DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL
State of Louisiana One American Place RICHARD P. IEYOUB DEPARTMENT OF JUSTICE 301 Main Street, Suite 600 ATTORNEY GENERAL CIVIL DIVISION P.O. Box 94005 BATON ROUGE TEL: (504) 342-7013 70804-9005 FAX: (504) 342-2090
 SEPTEMBER 16, 1998 OPINION NUMBER 98-378
 OPINION NUMBER 98-378
 3 APPROPRIATIONS 90-A-1 PUBLIC FUNDS CONTRACTS
Hon. Donald Ray Kennard La. Const. Art. VII, Sec. 14; La..
Louisiana House of Const Art. VII, Sec. 10(I); Act 29
Representatives of 1998
P.O. Box 78280 Baton Rouge, Louisiana 70818 Addresses the legality of capital outlay appropriations for the Old McKinley High Alumni Community Center and the Jazzland